| | | |
|---|---|---|
| ANTHONY STAPINSKI, | | |
| Plaintiff, | | No. 16 C 9155 |
| v. | | Judge Thomas M. Durkin |
| CHRISTINE MASTERSON; VILLAGE OF ROMEOVILLE, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Anthony Stapinksi alleges that Defendants violated his federal civil rights and state law when they arrested and prosecuted him for possession of an illegal substance despite a cooperation agreement. R. 1. Defendants have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 9. For the following reasons, that motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

**Background**

Stapinksi alleges that on April 12, 2011 he was arrested by defendant Detective Christine Masterson, of the Romeoville Police Department, after Stapinksi "obtained a package containing suspect ketamine, an illegal substance." R. 1 ¶¶ 9-10. When he was taken to the police station, Detective Masterson asked Stapinski if he was interested in cooperating with the police to help them arrest the person to who Stapinksi was supposed to deliver the ketamine. *Id.* ¶ 13. On April 14, 2011, Detective Masterson met with Stapinksi, his attorney, and his mother and promised that Stapinksi would not be charged in connection with the ketamine if he cooperated. *Id.* ¶¶ 14-15. The intended recipient of the ketamine was arrested shortly thereafter. *Id.* ¶ 16. Stapinksi continued to cooperate with Detective

Masterson and her colleague Detective Bedja until October 2011 when Masterson told Stapinksi that they were no longer interested in working with him. *Id.* ¶ 20.

Several months later on March 20, 2012, Detective Masterson filed a criminal complaint against Stapinksi charging him with possession of ketamine stemming from the April 12, 2011 arrest. *Id.* ¶ 21. Based on this complaint, Stapinski was indicted. *Id.* ¶ 22. On February 27, 2013, the circuit court granted Stapinksi's motion to dismiss the indictment, finding that it violated Stapinksi's due process rights and the cooperation agreement he entered into with the police through Detective Masterson. *See People v. Stapinksi*, 40 N.E.3d 15, 20 (Ill. 2015). The state appealed, and the appellate court reversed. Stapinksi appealed the appellate court's ruling and the Illinois Supreme Court reversed the appellate court and reinstated the circuit court's dismissal of the indictment on October 8, 2015. *See id.*

On September 23, 2016, Stapinksi filed this action alleging that Defendants' actions violated his civil rights and state law. Count I claims a violation of Due Process pursuant to 42 U.S.C. § 1983. Count II claims malicious prosecution in violation of state law. And Count III claims intentional infliction of emotional distress in violation of state law.[1]

## Analysis

### Count I: Section 1983

In Count I, Stapinski alleges that Defendants' actions violated his due process rights. Defendants argue that this claim is untimely. In Illinois, Section

---

[1] Count IV alleges that the Village of Romeoville must indemnify any judgment against Detective Masterson.

1983 claims have a statute of limitations of two years, and they accrue when the plaintiff knows or should know that his constitutional rights have been violated. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Defendants breached Stapinski's cooperation agreement by filing a criminal complaint against him on March 20, 2012. This is the date he knew or should have known about the facts supporting his Section 1983 claim. *See Reimann v. Hanley*, 2016 WL 5792679, at *9 (N.D. Ill. Oct. 4, 2016) (due process claim accrued when the plaintiff learned the state would not honor a cooperation agreement). The statute of limitations for Stapinski's due process claim expired two years later on March 20, 2014. Stapinski waited until September 23, 2016 to file his claim so it is untimely and must be dismissed.

Stapinski argues that he was barred from filing his claim any earlier than he did by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the appeal proceedings regarding the dismissal of his indictment were not complete until October 8, 2015. *See* R. 17-2 at 2. In support of his argument, Stapinski cites *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997), which held that "[i]f success on the [criminal defendant's civil] claims would have necessarily implied the invalidity of a potential conviction on the [criminal] charge, then [defendant's] claims did not accrue until the day on which the [criminal] charge was dismissed." But as Defendants point out, *Washington* and the other cases Stapinski cites, were decided prior to the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Supreme Court held that district courts can stay civil actions that might "impugn" a pending criminal conviction. *Id.* at 393-94. Since *Wallace*, the

Seventh Circuit has consistently held that arguments based on *Heck* like those raised by Stapanski, and other plaintiffs who were never convicted, are "non-starters" because *Heck* is only concerned with civil actions that challenge the validity of "outstanding criminal judgments." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013); *see also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("*Heck* does not apply absent a conviction."); *Jamison v. Urban*, 411 Fed. App'x 919, 921 (7th Cir. 2011) ("*Heck* delays accrual only when there exists a conviction or sentence that has not been invalidated; it does not bar suits that would call into question anticipated convictions."). Thus, *Heck* did not prevent Stapinski from filing his due process claim as soon as Defendants breached his cooperation agreement, and the ensuing criminal proceedings did not serve to toll the accrual of the statute of limitations.

**Count II: Malicious Prosecution**

### A.     Statute of Limitations

By contrast, Stapinski's state law malicious prosecution claim is timely. "A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). Defendants argue that the criminal proceedings against Stapinksi were terminated in his favor, and his malicious prosecution claim accrued, when the circuit court dismissed his indictment on February 27, 2013, such that his claim filed on September 23, 2016 is untimely under the one year statute of limitations provided by 745 ILCS 10/8-101.

Of course an acquittal satisfies the termination requirement. And the Illinois Supreme Court has explained that charges that are dropped *nolle presequi* (i.e., "a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case") often satisfy that requirement, whereas charges that are "stricken with leave to reinstate," or "SOL" do not. *See Ferguson*, 820 N.E.2d at 459-61. The parties have not cited, and the Court has not found, any case law analyzing the accrual date for a malicious prosecution claim when a defendant's indictment is dismissed and the State continues to prosecute by seeking reinstatement of the indictment on appeal. However, the Illinois Supreme Court has reasoned that the underlying principal for identifying the accrual date for malicious prosecution claims is the point in time when "the State was precluded from seeking reinstatement of the charges." *Id.* at 461; *see also Swick v. Liautaud*, 662 N.E.2d 1238, 1242-43 (Ill. 1996) ("the majority rule is that a criminal proceeding has been terminated in favor of the accused when a prosecutor formally abandons the proceeding"). The state continued to "seek reinstatement of the charges" against Stapinski until the Illinois Supreme Court's ruling affirming the dismissal of his indictment on October 8, 2015. Accordingly, Stapinksi's malicious prosecution claim did not accrue until that date. *See Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1186, 1188 (N.D. Ill. 2013) ("In December 2011, the Illinois Appellate Court vacated Plaintiff's conviction. In that Court's view, no rational jury could have convicted Plaintiff of the crime. Plaintiff walked free only after prosecutors declined to appeal that decision. . . . Plaintiff's claim did not accrue

until the State declined to appeal the December 2011 decision that vacated Plaintiff's conviction."). Stapinski brought his malicious prosecution claim within one year of that date on September 23, 2016. Thus, his malicious prosecution claim is timely.

### B.     Failure to State a Claim

Stapinski, however, has failed to state a claim for malicious prosecution. To establish malicious prosecution, a plaintiff must show, "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick*, 662 N.E.2d at 1242 (quoting *Joiner v. Benton Comm. Bank*, 411 N.E.2d 229, 232 (Ill. 1980)). To be considered to have been terminated in the plaintiff's favor, a "case must end for reasons indicative of [the] plaintiff's innocence." *Ferguson*, 820 N.E.2d at 460. When applying this standard, "[t]he crucial question is: Was there a compromise or agreement procured or consented to by plaintiff?" *Joiner*, 411 N.E.2d at 46. If such an agreement is struck, there is no favorable termination because it leaves the question of his innocence unresolved. *Id.* at 45; *see also Conterras v. Village of Woodridge*, 1994 WL 163994, at *4 (N.D. Ill. Apr. 29, 1994) ("The foregoing excerpts of Conterras' criminal proceeding clearly reveal that the *nolle prosequi* motion was filed as a compromise to benefit Conterras, the accused. As such, the *nolle prosequi* termination cannot be construed as a termination in favor of Conterras for the purposes of his malicious prosecution

claim."); *Ghosh v. Roy*, 566 N.E.2d 873, 875 (Ill. App. Ct. 5th Dist. 1991) ("In the case at bar, three criminal cases had been lodged against plaintiff. One case, numbered 86-CF-93, had been dropped in return for plaintiff's agreement not to sue. Plaintiff's suit for malicious prosecution based on this criminal case could not be maintained because plaintiff had agreed not to bring suit in return for dismissal of this case, a disposition that indicates neither guilt nor innocence.").

Here, Stapinski admits that he possessed illegal Ketamine. *See* R. 1 ¶ 9. The circuit court dismissed his indictment, and the Illinois Supreme Court affirmed that decision, on the basis of a finding that Stapinksi had entered into a valid cooperation agreement and had fulfilled his part of the bargain. *See People v. Stapinksi*, 40 N.E.3d 15, 25 (Ill. 2015). In its decision, the Illinois Supreme Court held that Stapinski's "substantive due process rights were violated when the State breached the agreement . . . entered into with defendant." *Id.* These facts demonstrate that the cooperation agreement was the basis for the dismissal of Stapinksi's indictment, not reasons "indicative of his innocence." Thus, Stapinski cannot maintain a malicious prosecution claim and it must be dismissed.

**Count III: Intentional Infliction of Emotional Distress**

Stapinksi's claim for intentional infliction of emotional distress is also time barred. This claim is subject to a one year statute of limitations, 745 ILCS 10/8-101, and accrues on the date of arrest. *See Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013); *see also Friends-Smiley v. City of Chicago*, 2016 WL 6092637, at *2 (N.D. Ill. Oct. 19, 2016) ("[C]ourts in this district have consistently applied *Bridewell*

broadly, holding that IIED claims of this sort accrue on the day of arrest, even where the distress alleged is 'intertwined' with a claim for malicious prosecution.") (citing cases). Stapinksi was arrested on March 20, 2012, so the statute of limitations for his intentional infliction of emotional distress claim expired on March 20, 2013. Since he did not file this case until September 23, 2016, Stapinski's intentional infliction of emotional distress claim is untimely and must be dismissed.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss, R. 9, is granted, and Stapinksi's claims are dismissed with prejudice. With respect to Count II, in light of Stapinski's admission that he possessed illegal ketamine, R. 1 ¶ 9, and the findings of the state court in dismissing the indictment against him, the Court does not believe that Stapinski can make factual allegations that would demonstrate that the dismissal of his indictment "indicated" his innocence. With respect to Counts I and III, Stapinksi has pled himself out of court based on the dates contained in his complaint. Therefore, an amended complaint would be futile and all counts are dismissed with prejudice.

ENTERED:

_Thomas M Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  February 7, 2017

9